IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 20 C 4098 |
| | ) | |
| KELSEY JONES | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2016, after a jury trial held before another judge of this Court, Kelsey Jones was convicted of narcotics offenses, conspiracy to murder a federal witness, discharging a firearm, and other charges. The judge sentenced him to a thirty-five year prison term. On June 30. 2020, Jones placed a *pro se* motion under 28 U.S.C. § 2255 into the internal prison mailing system. The Clerk received Jones's motion and some related materials on July 10, 2020. Jones's motion asserts claims of ineffective assistance of trial counsel. The government has moved to dismiss Jones's motion as untimely. The Court grants the motion to dismiss for the reasons stated below.

### Discussion

A one-year limitations period applies to a section 2255 motion. 28 U.S.C. § 2255(f). The one-year period runs from the latest of four dates: the date when the judgment of conviction became final; the date on which an unconstitutional government-imposed impediment to filing a motion was removed; the date the right asserted was initially recognized by the Supreme Court; or the date on which the facts supporting the claims could have been discovered with due diligence. *Id.* § 2255(f)(1)-(4). In Jones's

case, the only one of these dates that conceivably applies is the first.

A judgment of conviction is deemed final under section 2255(f)(1) when the Supreme Court affirms the decision on direct appeal or denies certiorari, or when the time for filing a petition for writ of certiorari lapses. *Clay v. United States*, 537 U.S. 522, 526 (2003). Jones was sentenced on January 26, 2016. He appealed to the Seventh Circuit, which affirmed his conviction and sentence. Jones then filed a petition for certiorari, which the Supreme Court denied on January 22, 2018. Thus, under section 2255(f)(1), Jones's section 2255 motion was due by January 22, 2019. He did not file the motion, however, until about seventeen months after that date.

Jones's motion is therefore untimely unless equitable tolling of the limitations period saves the motion from untimeliness. To invoke equitable tolling, Jones must establish that he has pursued his rights diligently and that some extraordinary circumstance occurred to prevent him from filing on time. *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017); *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018).

Piecing together Jones's multiple submissions, he seeks equitable tolling based on the following facts. During part of the relevant period, he was incarcerated at FCI Pekin. Based on documentation he has provided, it appears that he was placed in a "special housing unit" (SHU) for disciplinary reasons on July 17, 2018 and that he remained in the SHU until February 24, 2019, after the due date for his section 2255 motion. Jones claims, or at least implicitly claims, that he lacked access to the prison

2

law library or needed legal materials during that period.[1]

About a month after Jones was released from the SHU, he was transferred to a different prison, FCI Gilmer, where he arrived on March 27, 2019. He appears to contend that his property, including his legal papers and materials, was taken from him at FCI Pekin on February 21, 2019 and was not returned to him until April 2, 2019 at FCI Gilmer. Jones also states that FCI Gilmer was on lockdown during unspecified periods in the following months—March 2019, July 2019, August 2019, November 2019, and December 2019—and that it is "very difficult" to get access to the law library or computers while the prison is on lockdown.

The government appears to argue that Jones cannot show he was diligent because he could have prepared and filed his section 2255 motion before July 17, 2018, when he was placed in the SHU. But that would amount to shortening the limitations period to five months.

The government contends that the limitations period should not tolled during the time period Jones was in the SHU and when FCI Gilmer was on lockdown. *United States ex rel. Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), appears to indicate that time spent in segregation (the equivalent to the SHU) without access to the law library is not subject to equitable tolling, and some district court cases in this circuit— which of course are not binding authority—reach similar conclusions. *See, e.g., Lee v. United States*, No. 08-10039-001, 2010 WL 971814, at *2 (C.D. Ill. Mar. 12, 2010); *Wiley v. United States*, No. 2:08-CV-247-WTL-JMS, 2009 WL 10690943, at *2 (S.D.

---

[1] Jones appears to claim that the disciplinary charge that led to his placement in the SHU was unwarranted, but the Court need not adjudicate that contention to resolve the motion to dismiss.

3

Ind. Feb. 20, 2009). *But cf. United States v. Flemister*, No. 03-C-0349-C, 2003 WL 23220726, at *1 (W.D. Wis. July 9, 2003) (denying tolling based on placement in special housing unit but appearing to base this on absence of allegation that movant was actually denied access to his legal materials during that period). The Court is inclined to believe, however, that this is not categorically so; there are certainly circumstances in which government-imposed lack of access to a law library may entitle a habeas corpus petitioner or a section 2255 movant to equitable tolling. *See, e.g., United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1038-40 (N.D. Ill. 2008) (Kennelly, J.). Jones, however, has provided no information describing exactly how the lockdowns and his placement in the SHU actually affected his ability to file his motion on time.

The Court need not, however, decide these arguably fact-bound issues. Even were one to pause the one-year clock from the date Jones went into the SHU until the date after he came out when he got his legal papers back, and during each of the periods that he says FCI Gilmer was on lockdown—both of which are questionable propositions on the present record—his section 2255 motion was still filed outside the one year allowed under section 2255(f). Here is the calculation if one takes the disputed periods in Jones's favor and then stops the clock in mid-March 2020 due to the pandemic (another arguably questionable proposition):

- 5 months, 23 days (January 23, 2018 to July 16, 2018) – at FCI Pekin before placement in SHU.

- 2 months, 28 days (April 2, 2019 to June 30, 2019) – at FCI Gilmer from return of legal materials on April 2, 2019 and up to July 2019 lockdown.

- 2 months (September 1, 2019 to October 31, 2019) – at FCI Gilmer

4

between August 2019 and November 2019 lockdowns.

- 2 months, 15 days (January 1, 2020 to March 16, 2020) – at FCI Gilmer after December 2019 lockdown and before likely imposition date of COVID restrictions.

The total of these periods is a little over thirteen months. But the law only gave Jones twelve months. In sum, even if the Court were to deduct the entirety of each of the periods during which Jones says he was hindered from preparing and filing his section 2255 motion, the motion was filed too late. Nor has Jones offered anything to support the required showing that he "acted with reasonable diligence throughout the period he seeks to toll," *Wiley*, 2009 WL 10690943, at *2, a required element for application of equitable tolling.

For these reasons, the Court concludes that Jones's section 2255 motion was not timely filed.

Under 28 U.S.C. § 2253(c)(2), a movant under section 2255 may obtain a certificate of appealability only if he makes a substantial showing of the denial of a constitutional right. When, as in this case, a section 2255 motion is dismissed on procedural grounds, a court should issue a certificate of appealability only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case the Court's determination that Jones's motion is time-barred is not fairly debatable.

## Conclusion

For the reasons stated above, the Court grants the United States' motion to dismiss [dkt. no. 7] and directs the Clerk to enter judgment dismissing Kelsey Jones's

motion under 28 U.S.C. § 2255 [dkt. no. 1]. The Court declines to issue a certificate of appealability.

Date: July 19, 2021

_____
MATTHEW F. KENNELLY
United States District Judge

6